IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. _____

_____

EUGENE RUTKOFSKE,

    Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA; LENOVO
(UNITED STATES), INC. LONG TERM
DISABILITY PLAN, and LENOVO
(UNITED STATES), INC.,

    Defendants.

_____

## COMPLAINT

### PRELIMINARY STATEMENT[1]

Eugene Rutkofske ("Plaintiff") brings this ERISA action against Life Insurance Company of North America ("LINA"), Lenovo (United States), Inc. Long Term Disability Plan (the "Plan"), and Lenovo (United States), Inc. ("Lenovo") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by LINA. Plaintiff also seeks to recover statutory penalties for Lenovo's failure to timely produce Plan documents. Plaintiff is covered under the policy by virtue of his employment with Lenovo (United States), Inc. ("Lenovo"), the sponsor of the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff is a citizen and resident of North Carolina.

2. Defendant LINA is a properly organized business entity doing business in the state of North Carolina.

3. Defendant Lenovo is a properly organized business entity doing business in the state of North Carolina.

4. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Lenovo sponsored and maintained the Plan. Lenovo is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

5. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132; to recover statutory penalties for failure to produce Plan documents; and for attorneys' fees and costs.

6. Venue in the Western District of North Carolina is appropriate by virtue of the Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Lenovo.

8. The Plan offers long-term disability ("LTD") benefits.

9. Under the terms of the Plan, Defendant LINA administers the Plan and has authority to grant or deny benefits.

10. Defendant LINA has a fiduciary obligation to Plaintiff to administer the Plan fairly and to determine benefits according to the terms of the Plan.

11. Plaintiff is a 51-year-old man who worked for Lenovo as a Senior Software Engineer until on or about June 11, 2019. On that date, Plaintiff's impairments became so severe that he could no longer work, and he was forced to leave his employment.

12. Plaintiff suffers from Phenylketonuria ("PKU"), a rare inherited physical disorder that causes the amino acid phenylalanine to build up in the body. PKU leads to serious health problems, including progressive physical and neurological deterioration that have caused Plaintiff to experience confusion, lack of focus, and other ailments, and which make him unable to perform the material duties of his regular occupation or any occupation for which he is, or may reasonably become, qualified based on education, training, or experience.

13. Prior to leaving his employment in June 2019, Plaintiff experienced a period of disability in or about March-April 2018, due to several disabling conditions. Plaintiff was temporarily awarded short-term disability ("STD") benefits.

14. On or about September 6, 2018, Plaintiff wrote Defendant Lenovo, the plan administrator for the Plan, and requested a copy of the documents for the Plan. Defendant Lenovo did not respond to Plaintiff's Plan documents request or provide a reason for its failure to respond to Plaintiff.

15. Although Plaintiff was able to return to work for a short period of time, he was forced to permanently go out of work in June 2019 due to his progressive physical and

neurological conditions. He again applied to the Plan and the plan administrator for STD benefits in or about June 2019 and submitted medical information showing that he is totally disabled.

16. However, after it granted Plaintiff's claim for STD benefits for about five months, the plan administrator denied Plaintiff's claim effective November 26, 2019.

17. On or about January 8, 2020, Plaintiff submitted an application to Defendant LINA and the Plan for LTD benefits and submitted medical information showing that he was totally disabled. In February 2020, Plaintiff was awarded LTD benefits with an effective date in December 2020.

18. On or about March 3, 2020, Defendant Lenovo and the Plan retroactively approved Plaintiff's remaining STD benefits for the period beyond November 26, 2019.

19. On or about March 10, 2020, Plaintiff wrote Defendant Lenovo, the listed plan administrator under ERISA for the Plan, and made a second request for a copy of the documents for the Plan. At the time, LINA claimed it had made LTD overpayments to Plaintiff and was seeking to recoup those overpayments from Plaintiff.

20. Defendant Lenovo received Plaintiff's request for documents on March 13, 2020.

21. Plaintiff is entitled to receive the requested documents within 30 days of his written request under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

22. Defendant Lenovo failed to timely provide Plaintiff with the requested documents. Plaintiff did not receive the requested documents until August 14, 2020.

23. Defendant Lenovo has not provided Plaintiff with any reason for its failure to timely provide the requested documents to which Plaintiff is entitled under ERISA.

24. Plaintiff has been harmed by Defendant Lenovo's failure to provide the requested Plan documents in that, among other things, Plaintiff did not receive all the information to which he is entitled under ERISA and had to prosecute his claim through the administrative process without such information.

25. After it granted Plaintiff's claim for long-term disability benefits for about one year, Defendant LINA then denied Plaintiff's claim for LTD benefits on or about December 2, 2020.

26. On or about June 4, 2021, Plaintiff submitted his appeal and pursued his administrative remedies set forth in the Plan by requesting administrative review of Defendant LINA's December 2, 2020, denial of benefits. Defendant LINA received Plaintiff's submission via fax on June 4, 2021, and via U.S. Certified Mail which was delivered to Defendant LINA on June 14, 2021.

27. On July 16, 2021, Plaintiff submitted additional information to show that he is totally disabled, and he finalized the contents of his appeal. Defendant LINA received Plaintiff's final submission via fax on July 27, 2021.

28. Pursuant to the claims procedure detailed at 29 C.F.R. § 2560.503-1(i)(3)(i) and (i)(3)(1), Defendant LINA is required to notify Plaintiff of its decision on the appeal of his claim for LTD benefits within a reasonable period of time, but not later than 45 days after receipt of the request for review. In the event the plan administrator requires an extension of time for processing the appeal, written notice of the extension must be provided to the claimant prior to the termination of the initial 45-day period, and the extension shall not exceed a period of 45 days. Accordingly, the ERISA regulations require that Defendant LINA process Plaintiff's appeal within 90 days of receiving the claim for review.

29. On or about August 19, 2021, Defendant LINA sent a letter notifying Plaintiff that it required an extension of up to 45-days to make a decision on the pending claim appeal.

30. Defendant LINA has not yet notified Plaintiff of any decision on Plaintiff's appeal of his claim for LTD benefits. Even including available tolling periods when Plaintiff was submitting additional information, Defendant LINA has failed to notify Plaintiff of its decision on his appeal within the required 90-day review period.

31. Because Defendants LINA and the Plan did not render a timely decision on Plaintiff's appeal of his benefits denial, Plaintiff's appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary pursuant to 29 C.F.R. § 2560.503-1(l)(2)(i), (ii).

32. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

33. Defendants failure to render a timely decision on Plaintiff's appeal as required by 29 C.F.R. § 2560.503-1(i)(3)(i) and (i)(3)(i) amounts to a wrongful denial of benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he is unable to perform the material duties of his regular occupation or any occupation for which he is, or may reasonably become, qualified based on education, training or experience;

    b. Defendant LINA failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

    c. Defendant Plan and LINA have violated their contractual obligation to provide a reasonable claims procedure that would yield a timely decision on the merits of the claim; and

d. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

34. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-33 above.

35. Defendants LINA and the Plan have has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. Defendant LINA failed to accord proper weight to the evidence in the administrative record;

    c. Defendants Plan and LINA have violated their contractual obligation to provide a reasonable claims procedure that would yield a timely decision on the merits of the claim; and

    d. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

36. Plaintiff is entitled to a determination that his appeal of his claim for LTD benefits is deemed denied on review without the exercise of discretion by an appropriate fiduciary pursuant to 29 C.F.R. § 2560.503-1(l)(2)(i), (ii).

## SECOND CLAIM FOR RELIEF:
## STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS
## REQUIRED BY ERISA §§ 104 and 502, 29 U.S.C. §§ 1024 and 1132

37. Plaintiff reincorporates and re-allege the allegations contained at paragraph 1-36 above.

38. Defendant Lenovo failed and refused to timely provide Plaintiff with documents

he requested and to which he is entitled under ERISA § 104(b)(4), 29 USC § 1024(b)(4).

39. Plaintiff is entitled to recover statutory damages from Lenovo, calculated at the rate of $110 per day, from thirty days after the date Lenovo received Plaintiff's request for the documents, and continuing until the correct documents were produced, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).

THIRD CLAIM FOR RELIEF:
ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

40. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-39 above.

41. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that on *de novo* review he is entitled to LTD benefits under the terms of the Plan, and that Defendants LINA and the Plan be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendant Lenovo for which Plaintiff qualifies as a result of his disability;

3. Grant Plaintiff declaratory and injunctive relief finding that he is entitled to statutory damages for Defendant Lenovo's failure and refusal to timely provide Plan documents, as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and imposing such relief;

4. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses pursuant to ERISA §502(g) incurred as a result of Defendants Plan's and LINA's wrongful denial in providing benefits to Plaintiff;

5. Enter an order pursuant to ERISA §502(g) awarding Plaintiff all reasonable attorneys' fees and expenses incurred because of Defendant Lenovo's failure to timely provide Plan documents;

6. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

7. Enter an award for such other and further relief as may be just and appropriate.

Dated this 26th day of October 2021.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Hannah Auckland*
Bryan L. Tyson (N.C. Bar. No. 32182)
Hannah Auckland (N.C. Bar. No. 35953)
Marcellino & Tyson, PLLC
2820 Selwyn Ave. Ste 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Eugene Rutkofske**